

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2002

# USA v. Mayhan

Precedential or Non-Precedential:

Docket No. 01-2128

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Mayhan" (2002). *2002 Decisions.* Paper 242.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/242

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-2128


UNITED STATES OF AMERICA

v.

DEBORAH MAYHAN,
Appellant



On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim.No. 99-cr-00012)
District Judge:  Hon. Roderick R. McKelvie


Submitted Under Third Circuit LAR 34.1(a)
April 1, 2002

Before:  SLOVITER, FUENTES and MICHEL,* Circuit Judges

(Filed:  April 2, 2002)


OPINION OF THE COURT

_____

* Hon. Paul R. Michel, United States Court of Appeals for the Federal Circuit,
sitting by designation. SLOVITER, Circuit Judge.

This is an appeal by Deborah Mayhan from the order of the District Court denying
her amended motion under 28 U.S.C.  2255 to vacate her sentence.  Mayhan, who was
indicted on three counts, pled guilty to distribution and aiding and abetting in the
distribution of heroin in violation of 21 U.S.C.  841(a)(1) and (b)(1)(C) and 18 U.S.C.
2.  Pursuant to the plea agreement, the District Court dismissed the other two counts, and
Mayhan was sentenced to thirty-seven months imprisonment, three years of supervised
release, and $100.00 special assessment.

No direct appeal was taken but within a year after the sentence, Mayhan filed a
pro se motion under 28 U.S.C.  2255 to vacate her sentence, which she thereafter
amended.  The District Court appointed counsel for Mayhan and reinstated her right to
appeal.

At the outset, we note that although counsel has purported to file a brief pursuant
to Anders v. California, 386 U.S. 738 (1967), in fact we find counsel's brief inadequate.
Under Anders, counsel has the obligation to make a conscientious examination and
independent review of the record and present any issues that are not frivolous.  In the
sparse appellate brief, with but two short pages setting forth the facts, counsel has
presented no argument at all, stating only that "Appellant respectfully requests that this
Honorable Court independently review the trial record below and enter an order which
would serve the best interests of justice." Appellant's Br. at 8.  Anders requires that
counsel perform that function, not that counsel shift that function to the court.  Anders,

386 U.S. at 745. Under other circumstances, we would dismiss counsel and reappoint new counsel. However, the government, apparently recognizing the inadequacy of the appellant's brief, has undertaken to perform the appropriate function and has done so conscientiously, reviewing each possible ground that Mayhan might assert and showing as to each why it would not be successful. Under the circumstances, we express our appreciation to the U.S. Attorney's Office for this assistance.

The facts which form the basis of the indictment are familiar, as we have seen them numerous times. Mayhan participated in the distribution of a controlled substance, in this case heroin, to a confidential witness cooperating with the Drug Enforcement Agency, and she received from the witness $1,800.00 in return for 9.7 grams of heroin. Mayhan, who was the girlfriend of the charged co-conspirator, Robert Sanders, advised the agents that she would deliver the heroin to them if Sanders were unavailable.

In its brief, the government notes that Mayhan did not raise any objections or claims at her sentencing in the District Court. It noted that Mayhan might argue that the government had breached the plea agreement when the court sentenced her not only using the 9.7 grams of heroin to which she pled guilty but also the 15.6 grams of heroin from the count that was dismissed pursuant to the plea agreement. However, the plea agreement contained a stipulation that included not only the delivery of the 9.7 grams of heroin, but also Mayhan's role in facilitating co-conspirator Sanders' distribution of 15.6 grams of heroin later that month. The plea agreement did not limit the use of U.S.S.G. 1B1.3 relevant conduct at Mayhan's sentencing and thus there was no breach of the plea agreement. Nor could Mayhan claim that her facilitation of the delivery of the 15.6 grams of heroin is not relevant conduct properly used to determine her sentence. The government's brief shows that the temporal proximity, the repetition, and the similarity of the offenses all support the court's attribution of the 15.6 grams of heroin from the dismissed count as relevant conduct.

The government's brief also notes Mayhan's contention that the convictions of another person were used to calculate her criminal history score in her pre-sentence report. She has not alleged which convictions she contests, she did not object at the sentencing to the pre-sentence report or to the guideline calculations leading to an imprisonment range of thirty to thirty-seven months, and thus she has not shown any error from the court's reliance on the pre-sentence report's findings.

Mayhan alleged in her amended 2255 motion that her sentence was improperly enhanced for being a "major role" player. She is in error as she did not receive a major role adjustment to her guideline range. She could not persuasively argue that she should have received a minor role adjustment because it would be inconsistent with the fact that both she and Sanders took phone orders for delivery of heroin, and they each delivered heroin to the cooperating witness. Nor could Mayhan succeed on any claim that her sentence violated the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Mayhan's sentence of thirty-seven months imprisonment is considerably below the 240-month statutory maximum. See United States v. Williams, 235 F.3d 858, 863 (3d Cir. 2000). We note that her co-conspirator, Sanders, was sentenced to 108 months imprisonment.

For the reasons set forth, we will affirm the District Court's order denying Mayhan's motion pursuant to 28 U.S.C. 2255.

_____

TO THE CLERK:

Please file the foregoing opinion.


s/s Dolores K. Sloviter
Circuit Judge